# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

DERRICK HOLT,

    Plaintiff,

v.

WARDEN HILTON HALL; ASSISTANT
WARDEN PETER BLUWORTH; SAFETY
MANAGER L. BATTLE; CORRECTIONS
CORPORATION OF AMERICA; and
OFFICER PYLES,

    Defendants.

CIVIL ACTION NO.: 5:16-cv-98

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Coffee Correctional Facility in Nicholls, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. (Doc. 1.) Concurrently, Plaintiff also filed a Motion for Leave to Proceed *in Forma Pauperis*. (Doc. 2.) For the reasons which follow, the Court **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*. For these same reasons, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint without prejudice, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## BACKGROUND

In his Complaint, Plaintiff contends he slipped in a puddle of water at Coffee Correctional Facility and landed on his left side and hand, which resulted in a broken finger. (Doc. 1, p. 10.) Plaintiff states that, although he was taken to the Mayo Clinic for medical care, he cannot bend his finger, which handicaps his left hand, and he did not receive any physical

therapy. Plaintiff asserts Defendants failed to "maintain" him in good health, in violation of O.C.G.A. § 42-5-2. (Id. at pp. 11–12, 14.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

**I.  Dismissal for Abuse of Judicial Process**

The Complaint form directly asks Plaintiff whether he has "brought *any* lawsuits in federal court while incarcerated in any institution[ ]" prior to his current filing.  (Doc. 1, p. 2 (emphasis supplied).)  Plaintiff marked the space for "No", and he left the subsequent question regarding parties to previous lawsuits blank.  (Id.)  However, a search of Plaintiff's litigation history reveals that he has filed at least one other lawsuit in federal court before he executed his Complaint on October 20, 2016: Holt v. DeKalb Cty. Jail Admin., et al., 1:11-cv-3265 (N.D. Ga.) (filed Sept. 23, 2011).

As previously stated, Section 1915 requires a court to dismiss a prisoner's action if, at any time, the court determines that it is frivolous or malicious, fails to state a claim, or seeks relief from an immune defendant.  28 U.S.C. § 1915(e)(2)(B).  Significantly, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal" under Section 1915.  Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 225 (11th Cir. 2011) (alteration in original) (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)).  In addition, Federal Rule of Civil Procedure 11(c) permits a court to impose sanctions, including dismissal, for "knowingly fil[ing] a pleading that contains false contentions."  Id. at 225–26 (citing Fed. R. Civ. P. 11(c)).  Again, although *pro se* pleadings are to be construed liberally, "a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules."  Id. at 226.

Relying on this authority, the Court of Appeals for the Eleventh Circuit has consistently upheld the dismissal of cases where a *pro se* prisoner plaintiff has failed to disclose his previous lawsuits as required on the face of the Section 1983 complaint form.  See, e.g., Redmon, 414 F. App'x at 226 (*pro se* prisoner's nondisclosure of prior litigation in Section 1983 complaint

amounted to abuse of judicial process resulting in sanction of dismissal); Shelton v. Rohrs, 406 F. App'x 340, 341 (11th Cir. 2010) (same); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 941 (11th Cir. 2010) (same); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (same). Even where the prisoner has later provided an explanation for his lack of candor, the Court has generally rejected the proffered reason as unpersuasive. See, e.g., Redmon, 414 F. App'x at 226 ("The district court did not abuse its discretion in concluding that Plaintiff's explanation for his failure to disclose the Colorado lawsuit—that he misunderstood the form— did not excuse the misrepresentation and that dismissal was a proper sanction."); Shelton, 406 F. App'x at 341 ("Even if [the plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits."); Young, 380 F. App'x at 941 (finding that not having documents concerning prior litigation and not being able to pay for copies of same did not absolve prisoner plaintiff "of the requirement of disclosing, at a minimum, all of the information that was known to him"); Hood, 197 F. App'x at 819 ("The objections were considered, but the district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

Another district court in this Circuit has explained the importance of this information as follows:

> [t]he inquiry concerning a prisoner's prior lawsuits is not a matter of idle curiosity, nor is it an effort to raise meaningless obstacles to a prisoner's access to the courts. Rather, the existence of prior litigation initiated by a prisoner is required in order for the Court to apply 28 U.S.C. § 1915(g) (the "three strikes rule" applicable to prisoners proceeding *in forma pauperis*). Additionally, it has been the Court's experience that a significant number of prisoner filings raise claims or issues that have already been decided adversely to the prisoner in prior litigation. . . . Identification of prior litigation frequently enables the Court to dispose of successive cases without further expenditure of finite judicial resources.

Brown v. Saintavil, No. 2:14-CV-599-FTM-29, 2014 WL 5780180, at *3 (M.D. Fla. Nov. 5, 2014) (emphasis omitted).

Plaintiff "declare[d] under penalty of perjury" that the contents of his Complaint were "true and correct." (Doc. 1, p. 6.) Plaintiff misrepresented his litigation history in his Complaint. The plain language of the Complaint form is clear, and Plaintiff failed to answer truthfully. (Id. at p. 2.) This Court will not tolerate such lack of candor, and consequently, the Court should **DISMISS** this action for Plaintiff's failure to truthfully disclose his litigation history as required.

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[1] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or

---

[1] A certificate of appealability is not required in this Section 1983 action.

6

fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint without prejudice, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Plaintiff leave to appeal *in forma pauperis*. The Court **DENIES** Plaintiff's Motion to Proceed *in Forma Pauperis*. (Doc. 2.)

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 14th day of November, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA